GIOVANNI GEREMIA *vs.* LOUIS TARGLIANETTI AND ROSARIA TARGLIANETTI.

ANGELA GEREMIA *vs.* LOUIS TARGLIANETTI AND ROSARIA TARGLIANETTI.

EDITH GEREMIA *vs.* LOUIS TARGLIANETTI AND ROSARIA TARGLIANETTI.

JUNE 14, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Principal and Agent.*

Declarations of a person assuming to act as agent for another are not admissible and are not competent to prove the fact of agency.

TRESPASS ON THE CASE for negligence.   Heard on exception of defendant Rosaria Targlianetti and sustained.

STEARNS, J.   These are three cases for negligence; one is brought by Giovanni Geremia for loss of services, etc., of his wife Angela and his minor daughter Edith;   one by Angela, the wife, and the third by Edith, the minor daughter for personal injuries caused by the alleged negligence of defendants.   By consent the cases were tried together and in each case the jury found a verdict for the plaintiff.   Peti-

tion for new trial in each case was denied by the trial justice. The sole question on the bill of exceptions in each case is,— Did the trial justice err in refusing to direct a verdict for the defendant Rosaria Targlianetti?

Angela Geremia and her daughter Edith, while walking on the sidewalk of a public highway, were struck and injured by an automobile driven by defendant Louis Targlianetti. Rosaria was the mother of defendant Louis, who was seventeen years old and the eldest of a number of children living with the mother. The automobile had been bought by Rosaria a short time before the time of the accident with the intention of using it to take the children of the family out for pleasure. Louis, the son, secured a driver's license to operate an automobile. According to the testimony of Louis and his mother, Louis was permitted by his mother to take the automobile and use it while he was learning to operate the car only when he was accompanied by the keeper of the garage in which the automobile was kept.

On the day of the accident, according to the testimony of Louis and his mother Rosaria, the automobile was taken from the garage and used by Louis without the consent or authority of Rosaria and it was while Louis was thus operating the automobile that the accident occurred. The liability of defendant Louis is clear and his negligence is, in fact, not questioned. The only evidence which it is claimed supports the verdict against Rosaria and establishes her legal liability for the negligence of the son Louis, is an alleged statement made by Louis shortly after the accident. Angela Geremia testified that the automobile struck her and as a result she was unconscious for a short time; that when she regained consciousness she was taken in the automobile by defendant Louis, and while on the way to her home she told Louis that he had injured her and that she then asked him where he was going at the time of the accident; that Louis then said that he was going on an errand for his mother. All of the other occupants of the automobile testified that they never heard any such conversation. It further

appears that defendant Louis was riding on the front seat and plaintiff Angela on the rear seat of the automobile, which was a large open touring car. The alleged statement of Louis was admissible as an admission against the defendant Louis, but was not admissible to establish the relation of agency and consequent legal liability of Rosaria. The rule is general and well settled that the declarations of a person assuming to act as agent for another are not admissible and are not competent to prove the fact of agency. *Paulton v. Keith*, 23 R. I. 164; *Cranston Print Works Co. v. A. T. & T. Co.*, 43 R. I. 88. In the case at bar there was no other proof of agency, either direct or circumstantial, to establish agency. On the contrary, the alleged principal and the alleged agent both testified that there was no agency and as there was no evidence either from the circumstances or the conduct of the parties which would warrant a finding of fact to the contrary, we find there was no proof of any agency and therefore the refusal to direct a verdict for the defendant Rosaria was erroneous and the exception thereto in each case is sustained.

Opportunity will be given on Monday, June 18, 1923, at 9 a. m., Standard time, to the plaintiffs to appear and show cause, if any they have, why an order should not be made remitting each case to the Superior Court with direction to enter judgment for the defendant Rosaria for costs.

The exceptions of the defendant Louis are overruled and each case is remitted to the Superior Court with direction to enter judgment on the verdict as to said defendant Louis.

*Anthony V. Pettine*, for plaintiff.
*Benjamin Cianciarulo*, for defendants.